**THE LEADER LAW FIRM**
405 W. Cool Dr., Ste 107
Tucson, AZ  85704
Phone (520) 575-9040
Fax (520) 575-9340
**John P. Leader, Esq.**
SBN 012511 / PCN 64791
*Attorney for the Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAUL MALDONADO, a married man, | ) |
| | ) No. |
| Plaintiff, | ) |
| v. | ) |
| | ) **COMPLAINT** |
| ALEXIS COOK, | ) (Tort Motor-Vehicle) |
| | ) |
| Defendant. | ) **JURY TRIAL REQUESTED** |
| | ) |
| | ) |

COMES NOW, the Plaintiff, by and through counsel undersigned, and for his Complaint against the Defendants, states, alleges and complains as follows:

1. Plaintiff resides in Pima County, in the District of Arizona. All events giving rise to this cause of action occurred in Pima County, in the District of Arizona.

2. Defendant Alexis Cook, upon information and belief, is an out-of-state resident, residing in Daphne, in the Southern District of Alabama.

3. All events giving rise to this cause of action occurred in Pima County, District of Arizona.

4. Because Plaintiff is a citizen of the state of Arizona and because Defendant is a citizen of the state of Alabama, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the District of Arizona under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred here.

6. Upon information and belief, the Defendant has sufficient ties to Pima County and the District of Arizona (discussed below) such that jurisdiction is proper under Arizona's "long arm statute," Ariz. R. Civ. P. 4.2(a).

7. The Defendant had minimum contacts with Arizona such that maintaining the instant action in Arizona does not offend traditional notions of fair play and substantial justice; personal jurisdiction over the Defendant is proper.

8. Upon information and belief, at the time of the crash giving rise to this lawsuit, Defendant was spending an extended period of time in the state of Arizona.

9. The amount in controversy in this action exceeds $75,000.

10. On June 15, 2022, at approximately 7:30 a.m., Plaintiff Paul Maldonado, was driving his motor vehicle in Oro Valley, in the District of Arizona, when his vehicle was violently struck by the blue BMW which was being operated by Alexis Cook.

11. Plaintiff Maldonado had the right-of-way and Defendant Cook negligently failed to yield to the Plaintiff.

12. As reflected in the Oro Valley Police Department report (No. V22060605), Cook disregarded the stop sign and failed to yield as required by law and struck Plaintiff Paul Maldonado's vehicle.

13. As a result of the negligence of Defendant Alexis Cook, Plaintiff Paul Maldonado was significantly injured and will likely require multiple surgeries, as well as continued treatment for his traumatic brain injury and TMJ/tinnitus, in addition to other physical and neurologic injuries.

14. Plaintiff's injuries have not fully resolved, and his treatment is ongoing. Future medical care will be required, and additional medical expenses will be incurred.

15. Some of Plaintiff Paul Maldonado's injuries are likely permanent.

**COUNT ONE**
(Negligence)

16. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

17. Defendant Alexis Cook had a duty to operate the vehicle she was driving in a safe and reasonable manner, including duties to obey traffic safety laws, to respond to current traffic conditions, and to operate her vehicle so as to avoid injury to others.

18. Defendant Alexis Cook breached said duties by operating the motor vehicle she was driving in a negligent and reckless manner, and by causing a collision with the Plaintiff.

19. As a direct and proximate result of Defendant Alexis Cook's negligence, Plaintiff Paul Maldonado suffered injuries, including but not limited to cognitive difficulties, balance issues, a full thickness rotator cuff tear, herniated cervical discs, TMJ disorder, and tinnitus, he has undergone medical treatment and his treatment is continuing.

20. As a direct and proximate result of Defendant Alexis Cook's negligence, Plaintiff Paul Maldonado has suffered past and ongoing pain, discomfort, stress, mental suffering, anxiety, and economic losses.

21. Plaintiff Paul Maldonado's medical treatment is ongoing, and his damages continue to accrue.

22. Plaintiff Paul Maldonado has also suffered a diminished quality of life.

23. Some of Plaintiff Paul Maldonado's injuries are or may be permanent.

**COUNT TWO**
(Negligence *Per Se*)

24. Plaintiff Paul Maldonado incorporates by reference all preceding paragraphs, as if fully set forth herein.

25. On June 15, 2022, Defendant Alexis Cook failed to yield the right of way at a stop sign, thus causing a collision with the vehicle being operated by Plaintiff Paul Maldonado.

26. Plaintiff Paul Maldonado was traveling eastbound in a through lane for east/west traffic in the parking lot located at the Oro Valley Marketplace in Oro Valley, Pima County, Arizona.

27. Defendant Alexis Cook failed to yield to Plaintiff Paul Maldonado, who had the right of way; Defendant Alexis Cook violated A.R.S. §28-855(B) and committed negligence *per se* as defined by A.R.S. §28-855(B):

ARS 28-855(B). <u>Stop signs; yield signs</u>.

B.  A driver of a vehicle approaching a stop sign shall stop before entering the crosswalk on the near side of the intersection, or if there is no crosswalk, shall stop at a clearly marked stop line, or if there is no line, shall stop at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection except when directed to proceed by a police officer.

28. As a direct and proximate result of Defendant Alexis Cook's negligence per se, Plaintiff Paul Maldonado suffered injuries, including but not limited to a brain injury with associated cognitive difficulties, balance issues, a full thickness rotator cuff tear, herniated cervical discs, TMJ disorder, and tinnitus.  He has undergone medical treatment and his treatment is continuing.

29. As a direct and proximate result of Defendant Alexis Cook's negligence, Plaintiff Paul Maldonado has suffered past, current, and ongoing pain, discomfort, stress, mental suffering, anxiety, and economic loss.

30. Plaintiff Paul Maldonado's medical treatment is ongoing, and his damages continue to accrue.

31. Plaintiff Paul Maldonado has also suffered a diminished quality of life.

32. Some of Plaintiff Paul Maldonado's injuries are or may be permanent.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant judgment in his favor and against the Defendant, as follows:

a. For compensatory damages in an amount to fully and fairly compensate Plaintiff Paul Maldonado for all personal injury damages available under Arizona law, including past, present and future economic and non-economic damages.

b. For compensatory damages in an amount to compensate Plaintiff Paul Maldonado for his pain and suffering and his diminished quality of life;

c. For costs of suit expended and accruing herein; and

d. For such other relief as the Court may deem appropriate.

DATED this 5th day of February, 2024.

**THE LEADER LAW FIRM**

/s/   John P. Leader
John P. Leader, Esq.